IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HRUSOVSKY** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 08-147 |
| | : | |
| **MICHAEL HARLOW, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **NORTHAMPTON, and THE ATTORNEY** | : | |
| **GENERAL OF PENNSYLVANIA** | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, this 12th day of January, 2009, upon consideration of Petitioner's First Objections to the Judge's Report and Recommendation/Nunc Protunc and Adopt Writ of Habeas Corpus [sic], **IT IS ORDERED** that Petitioner's First Objections to the Judge's Report and Recommendation/Nunc Protunc and Adopt Writ of Habeas Corpus [sic] are **OVERRULED**.

**IT IS FURTHER ORDERED** as follows:

1. This Court's Order of December 17, 2008 (Document No. 18, filed December 17, 2008) remains in effect, the Report and Recommendation of U.S. Magistrate Judge Hey (Document No. 15, filed November 24, 2008) is **APPROVED** and **ADOPTED**, and the Petition for Writ of Habeas Corpus (Document No. 1, filed January 7, 2008) is **DISMISSED**.

2. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of constitutional rights or this Court's procedural rulings with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack vs. McDaniel, 529 US 473, 484 (2000).

The decision of the Court is based on the following:

1. On November 24, 2008, United States Magistrate Judge Elizabeth T. Hey filed a Report and Recommendation in which she recommended dismissal of the *pro se* petitioner's

petition for writ of habeas corpus under 28 U.S.C. § 2254 as time barred.

2. On December 17, 2008, twenty-three (23) days after the filing of the Report and Recommendation, and no objections having been filed by petitioner, the Court issued an order approving and adopting the Report and Recommendation, dismissing the petition for writ of habeas corpus under 28 U.S.C. § 2254, and refusing to issue a certificate of appealability.

3. On December 19, 2008, the Court received and docketed *pro se* petitioner's First Objections to the Judge's Report and Recommendation/Nunc Protunc and Adopt Writ of Habeas Corpus [sic]. In the First Objections, dated December 11, 2008, petitioner states that he did not receive the Report and Recommendation until December 3, 2008 and that he caused the First Objections to be sent by First Class Mail to the Court on December 11, 2008. Accepting petitioner's assertions as correct and applying the prison mailbox rule,[1] petitioner's objections, filed by First Class Mail within ten days of his being served with a copy of the Report and Recommendation, were timely. As such, the Court considers the objections *nunc pro tunc*.

4. The Court is mindful of the instruction that it should read the submissions of *pro se* litigants generously and construe formally imperfect filings in accordance with the *pro se* litigant's substantive intent. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers").

5. In paragraphs 1 – 4, 7, and 11 – 12, petitioner argues, both directly and obliquely, that the Report and Recommendation erred in not concluding that Blakely v. Washington, 542 U.S. 296 (2004) applies retroactively to cases on collateral review and therefore that his one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C.

---

[1] Under the "prison mailbox rule," a prisoner's filing is considered as having been filed on the date petitioner gave the document to prison authorities for mailing. Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998).

§ 2244(d)(1), for filing his federal habeas corpus petition attacking his sentence under <u>Blakely</u> should have run from the date that <u>Blakely</u> was decided. Petitioner urges the Court to find that the Supreme Court's ruling in <u>Harper v. Virginia Department of Taxation</u>, 509 U.S. 86 (1993), mandates the retroactive application of the <u>Blakely</u> holding for his case. The Court rejects that position.

6. In <u>Harper</u>, the Supreme Court extended the rule it articulated in <u>Griffith v. Kentucky</u>, 479 U.S. 314 (1987)—that newly announced constitutional principles should apply in all criminal cases pending on *direct review*—to civil adjudication as well. <u>Harper</u>, 509 U.S. at 97 (emphasis added). <u>Harper</u> did not provide that newly announced constitutional principles to apply retroactively in cases on collateral review, such as the one presently before this Court. As such, the <u>Harper</u> decision has no bearing on the issue presently before this Court.

7. The Report and Recommendation properly concluded, based on Third Circuit precedent, that the decision in <u>Blakely</u> does not apply retroactively to cases on collateral review. (<u>See</u> Report & Recommendation ("R&R") at 10 (citing cases).) Accordingly, the Report and Recommendation correctly fixed the beginning of the AEDPA limitation period at the date petitioner's conviction became final—May 14, 1997—and not the date that <u>Blakely</u> was decided. Thus, petitioner's first state petition under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9551, dated August 25, 2004, and petitioner's federal habeas corpus petition, dated January 7, 2008, were both filed after AEDPA's one year limitations period had run. Accordingly, the federal habeas corpus petition currently before this Court is procedurally barred.

8. In paragraph 13 of his objections, petitioner attempts to rebut the conclusion in the Report and Recommendation that equitable tolling is not appropriate in this case. Petitioner states that "he was actively [and], under the circumstance[s], was appropriately pursuing direct and collateral appeals" during the "entire period of June 28, 2006 through January 7, 2008."

3

Although the Court is aware of the general difficulties that prisoners face in preparing and filing *pro se* petitions, petitioner's bare assertion that he actively pursued his appeals does not allege the kind of diligence that would trigger the doctrine of equitable tolling. See <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618-619 (3d Cir. 1988). The Report and Recommendation properly determined that the doctrine of equitable tolling does not apply in this case and therefore that petitioner's federal habeas corpus petition was procedurally barred. (<u>See</u> R&R at 8-9.)

9.  The remainder of petitioner's First Objections presents rambling and disjointed arguments on the merits of petitioner's claims which, as the Report and Recommendation clearly explains, are procedurally defaulted because petitioner did not comply with AEDPA's one-year limitations period.

6.  Petitioner has stated nothing his First Objections which warrants rejecting the Report and Recommendation.  Accordingly, this Court's Order of December 17, 2008 (Document No. 18, filed December 17, 2008) approving and adopting the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated November 24, 2008, dismissing the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Robert Hrusovsky, and refusing to issue a certificate of appealability remains in effect.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**